**WO**                                                                                     M

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Thomas Stewart, Jr., | ) | No. CV 12-1163 PHX RCB (LOA) |
| Plaintiff, | ) | **O R D E R** |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | |
| Defendants. | ) | |

On May 31, 2012, Plaintiff Thomas Stewart, Jr., who is confined in the Arizona State Prison Complex-Yuma, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a June 20, 2012 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On July 9, 2012, Plaintiff filed a Motion for Extension of Time to File First Amended Complaint. On August 16, 2012, Plaintiff filed his First Amended Complaint (Doc. 11). In a September 10, 2012 Order, the Court dismiss the First Amended Complaint and this action for failure to state a claim. On September 24, 2012, Plaintiff filed a "Notice of Motion to Alter and Amend the Judgment, and, an Extension of Time to File Such Motion" (Doc. 14). On October 26, 2012, Plaintiff filed a Motion to Alter and Amend Judgment (Doc. 15).

The Court will grant the September 24, 2012 Motion/Notice to the extent that the Court will accept Plaintiff's October 26th Motion to Alter or Amend Judgment as timely

1  filed.

2  The failure to properly brief an issue does not warrant granting a motion to reconsider. 3  Motorola, Inc. v. J.B. Rogers Mechanical Contractors, Inc., 215 F.R.D. 581, 586 (D. Ariz. 4  2003).  "Motions to reconsider are appropriate only in rare circumstances."  Defenders of 5  Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  "The purpose of a motion 6  for reconsideration is to correct manifest errors of law or fact or to present newly discovered 7  evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Such motions 8  should not be used for the purpose of asking a court "'to rethink what the court had already 9  thought through – rightly or wrongly.'"  Defenders of Wildlife, 909 F. Supp. at 1351 10  (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 11  1983)).

12  The Court has reviewed the First Amended Complaint, Order of dismissal, and 13  Motion to Alter or Amend Judgment.  The Court finds no basis to reconsider its decision.  14  The Court will therefore deny Plaintiff's Motion to Alter or Amend Judgment.

15  **IT IS ORDERED:**

16  (1)   Plaintiff's Motion (Notice) to Alter or Amend Judgment and Motion for 17  Extension of Time (Doc. 14) is **granted in part** to the extent that the Court will accept 18  Plaintiff's October 26th Motion as timely filed; the Motion is **denied** with respect to all other 19  relief requested.

20  (2)   Plaintiff's October 26, 2012 Motion to Alter and Amend Judgment (Doc. 15) 21  is **denied**.

22  (3)   The case must remain **closed**.

23  DATED this 14th day of November, 2012.

24
25
26  _____
Robert C. Broomfield
27  Senior United States District Judge
28