**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Stewart, Jr., <br>          Plaintiff, <br> vs. <br> Charles L. Ryan, et al., <br>          Defendants. | No. CV 12-1163-PHX-RCB (LOA) <br><br> **O R D E R** |

      Plaintiff Thomas Stewart, Jr., who is confined in the Arizona State Prison Complex-Yuma, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. On June 20, 2012, the Court dismissed the Complaint with leave to amend. On August 16, 2012, Plaintiff filed a First Amended Complaint. In a September 10, 2012 Order, the Court dismissed the First Amended Complaint and this action for failure to state a claim. The Clerk of Court entered judgment on the same date.

      On December 6, 2012, Plaintiff filed a Notice of Appeal to the Ninth Circuit Court of Appeals. Pending before the Court are Plaintiff's December 21, 2012 Motion to Provide Docket Sheet (Doc. 21) and January 9, 2013 Motion to Provide Documents Submitted to this Court (Doc. 22).

**I. Motions**

      Plaintiff requests a copy of the docket sheet and copies of the record in this case in order to comply with the Federal Rules of Appellate Procedure. On December 6, 2012, The Clerk of Court transmitted a Certificate of Record to the Ninth Circuit Court of

1  Appeals that states "[t]he record on appeal, consisting of the trial transcript (if any) and
2  the trial court clerk's record, is ready for the purposes of the appeal." Plaintiff is not
3  required to submit a certified copy of the docket sheet beyond what the Clerk of Court
4  has already provided to the Ninth Circuit. The Court will therefore deny as moot
5  Plaintiff's December 21, 2012 Motion.

6  The Court will also deny the January 9, 2012 Motion to Provide Documents.
7  Plaintiff states that he needs the documents filed in this case in order to comply with Rule
8  10 of the Federal Rules of Appellate Procedure. Rule 10(a) of the Federal Rules of
9  Appellate Procedure states that the record on appeal consists of "(1) the original papers
10 and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a
11 certified copy of the docket entries prepared by the district clerk." These documents have
12 already been transmitted to the Ninth Circuit by the Clerk of Court. Rule 10(b) states that
13 the Appellant has the duty to order and provide transcripts. No hearings were held in this
14 action and, therefore, there are no transcripts. The Court will therefore also deny as moot
15 Plaintiff's Motion to Provide Documents.

16 To the extent that Plaintiff is requesting copies of documents for his own use, the
17 Clerk of Court charges 50 cents per page for reproducing any record or paper. *See*
18 Judicial Conference Schedule of Fees ¶ 4, foll. 28 U.S.C. § 1914. An inmate has no
19 right to free copies of pleadings. *See In Re Richard*, 914 F.2d 1526, 127 (6th Cir. 1990)
20 (*per curiam*) (28 U.S.C. § 1915 "does not give a litigant a right to have documents copied
21 and returned to him at government expense"). Further, the Ninth Circuit has rejected any
22 constitutional right to unlimited free photocopying. *See Johnson v. Moore*, 936 F.2d 921,
23 923 (9th Cir. 1991) (*per curiam*), *superceded on other grounds*, 948 F.2d 517 (9th Cir.
24 1991) (*per curiam*); and *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989) (rejecting
25 any constitutional right to free and unlimited photocopying) (citing *Jones v. Franzen*, 697
26 F.2d 801, 803 (7th Cir. 1983) ("[B]road as the constitutional concept of liberty is, it does
27 not include the right to xerox.").
28 . . .

**IT IS ORDERED**:

(1) Plaintiff's December 21, 2012 Motion to Provide Docket Sheet (Doc. 21) is **denied** as moot.

(2) Plaintiff's January 9, 2013 Motion to Provide Documents (Doc. 22) is **denied** as moot.

DATED this 25th day of February, 2013.

_____
Robert C. Broomfield
Senior United States District Judge